1  CURTIS A. GRAHAM, Bar No. 215745
   cagraham@littler.com
2  MICHELLE RAPOPORT, Bar No. 247459
   mrapoport@littler.com
3  LITTLER MENDELSON, P.C.
   633 West 5th Street
4  63rd Floor
   Los Angeles, CA  90071
5  Telephone: 213.443.4300

6  Attorneys for Defendant
   SMURFIT KAPPA NORTH AMERICA
7  LLC formerly known as and erroneously
   sued as SMURFIT KAPPA ORANGE
8  COUNTY LLC

9

10                UNITED STATES DISTRICT COURT

11               CENTRAL DISTRICT OF CALIFORNIA

12  EDUARDO CHAVEZ, individually,          Case No. 2:18-cv-5106
    and on behalf of other members of
13  the general public similarly situated,  **DEFENDANT'S NOTICE TO
                                            FEDERAL COURT OF REMOVAL
14              Plaintiff,                  OF CIVIL ACTION FROM STATE
                                            COURT**
15       v.

16  SMURFIT KAPPA ORANGE
    COUNTY LLC, an unknown
17  business entity; SMURFIT KAPPA
    NORTH AMERICA LLC, an
18  unknown business entity, and DOES
    1 through 100, inclusive,
19
                Defendant.
20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
633 West 5th Street          NOTICE OF REMOVAL
63rd Floor                                            1
Los Angeles, CA  90071
213.443.4300

1  **TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO**
2  **PLAINTIFF EDUARDO CHAVEZ AND HIS ATTORNEYS OF RECORD:**

3         PLEASE TAKE NOTICE that Defendant Smurfit Kappa North America LLC,
4  formerly known as and erroneously sued as Smurfit Kappa Orange County LLC
5  ("Defendant") hereby removes the above-entitled action from the Superior Court of
6  the State of California, County of Los Angeles, to the United States District Court for
7  the Central District of California, pursuant to 28 U.S.C. §§ 1332(d) and 1446.

8  **I.    STATEMENT OF JURISDICTION**

9         1.    This Court has original jurisdiction over this action based on federal
10  question jurisdiction and the Class Action Fairness Act of 2005 ("CAFA"), which
11  vests the United States district courts with original jurisdiction of any civil action: (a)
12  that is a class action with a putative class of more than a hundred members; (b) in
13  which any member of a class of plaintiffs is a citizen of a State different from any
14  defendant; and (c) in which the matter in controversy exceeds the sum or value of
15  $5,000,000, exclusive of interest and costs. See 28 U.S.C. §1332(d).

16  **II.   THERE IS ONLY ONE DEFENDANT EMPLOYER NAMED IN THE**
17  **COMPLAINT**

18         2.    Plaintiff's complaint names Smurfit Kappa Orange County LLC and
19  Smurfit Kappa North America LLC.  However, there is no entity that is currently
20  active named Smurfit Kappa Orange County LLC. Smurfit Kappa Orange County
21  LLC changed its name to Smurfit Kappa North America LLC in 2015.  Declaration of
22  F. W. Burnett, Jr., ¶ 2.  Since that time, and at the time of this filing, there has been no
23  entity by the name of Smurfit Kappa Orange County LLC.  *Id*.  Accordingly, the only
24  defendant in this matter is Smurfit Kappa North America LLC.

25  **III.  PLEADINGS, PROCESS, AND ORDERS**

26         3.    On April 19, 2018, Plaintiff Eduardo Chavez ("Plaintiff") filed a Class
27  Action Complaint against Defendant in Los Angeles County Superior Court: *Eduardo*
28  *Chavez,; individually, and on behalf of other members of the general public similarly*

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

NOTICE OF REMOVAL                                     2

*situated v. Smurfit Kappa Orange County LLC, an unknown business entity; Smurfit Kappa North America LLC, an unknown business entity; and Does 1-100, inclusive,* Case No. BC702936 (hereinafter, the "Complaint"). The Complaint asserts the following causes of action: (1)  Violation of California Labor Code sections 510 and 1198 (Unpaid Overtime); (2) Violation of California Labor Code sections 226.7 and 512(a) (Unpaid Meal Period Premiums); (3) Violation of California Labor Code section 226.7 (Unpaid Rest Period Premiums); (4) Violation of California Labor Code sections 1194, 1197 and 1197.1 (Unpaid Minimum Wages); (5) Violation of California Labor Code sections 201 and 202 (Final Wages Not Timely Paid); (6) Violation of California Labor Code section 204 (Wages not timely Paid During Employment); (7) Violation of California Labor Code section 226(a) (Non-Compliant Wage Statements); (8) Violation of California Labor Code section 1174(d) (Failure to Keep Requisite Payroll Records); (9) Violation of California Labor Code sections 2800 and 2802 (Unreimbursed Business Expenses); (10) Violation of California Business & Professions Code section 17200, et. seq.

4.     On May 11, 2018, Plaintiff served the Complaint on Defendant, a copy of which is attached hereto as Exhibit "A".

5.     On June 7, 2018, Defendant filed its Answer in the Los Angeles County Superior Court, a copy of which is attached hereto as Exhibit "B".

6.     Pursuant to 28 U.S.C. § 1446(d), attached as Exhibit "C" are all process, pleadings, and orders served on Defendant or filed or received by Defendant in this action.  To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in Los Angeles County Superior Court or served by any party.

7.     To Defendant's knowledge, no proceedings related hereto have been heard in Los Angeles Superior Court.

**IV.   TIMELINESS OF REMOVAL**

8.     This Notice of Removal is timely filed as it is filed within thirty (30) days

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

NOTICE OF REMOVAL

3.

1 of May 11, 2018, the date of service of the Summons and Complaint, and within one

2 year from the commencement of this action. See 28 U.S.C. § 1446(b).

3 ## V.    FEDERAL QUESTION

4    9.    This Court has original jurisdiction over this action pursuant to federal

5 question jurisdiction.  See 28 U.S.C. § 1331.  Specifically, the district courts of the

6 United States have original jurisdiction over all civil actions that pose a federal

7 question, such that these actions arise under the Constitution, laws or treaties of the

8 United States. *Id*.  Such actions may be removed to federal court "without regard to

9 the citizenship or residence of the parties."  28. U.S.C. 1441 (b).

10 ### B.    Preemption Under Section 301 Of The Labor Management Relations Act

11
12    10.    As a separate and distinct basis for federal question jurisdiction,
Plaintiff's First and Second  causes of action, pleaded under California Labor Code

13 sections 510, 1198, 226.7, 512(a),[1] are preempted by Section 301(a) of the Labor

14 Management Relations Act ("LMRA"), 29 U.S.C. section 185(a), because the

15 resolution of each of those two causes of action is substantially dependent on the

16 interpretation of disputed provisions of one or more collective bargaining agreements

17 (hereinafter referred to as "Section 301" or "Section 301 preemption").

18    11.    At all relevant times, Defendant is and was a company engaged in an

19 industry affecting commerce within the meaning of Sections 152(2), (6), (7) and

20 301(a) of the LMRA, 29 U.S.C. sections 152 (2), (6), (7), and 185(a).

21    12.    Teamsters District Counsel No. 2, Local No. 388M (Union)  is a labor

22 organization in which certain of Defendant's employees participate, and which exists

23 for the purpose of dealing with employees concerning grievances, labor disputes,

24 wages, rates of pay, hours of employment, and conditions of work. Burnett Decl. ¶ 4

25

26

27 [1] To the extent Plaintiff's derivative claims, including his Fifth Cause of Action for Final Wages not
Timely Paid, his Sixth Cause of Action for Wages Not Timely Paid During Employment, or his
Seventh Cause of Action for Non Compliant Wage Statements refer to his First or Second Causes of

28 Action, these too are preempted.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

NOTICE OF REMOVAL

4.

1  The Union is the labor organization within the meaning of section 152(5) and 301(a)

2  of the Labor Management Relations Act ("LMRA"), 29 U.S.C. sections 152(5) and

3  185(a), that serves as the exclusive collective bargaining representative for Plaintiff

4  and employees of Defendant at the facility in which Plaintiff worked. *Id.*

5      13.   At all relevant times, a collective bargaining agreement (CBA) was in

6  place between Defendant and the Union, which is a contract between an employer and

7  a labor organization within the meaning of Section 301(a) of the LMRA, 29 U.S.C.

8  section 185(a). *Id.*

9      14.   The CBA provides for the payment of overtime to employees such as

10  Plaintiff, and the other individuals Plaintiff seeks to represent, at an hourly rate of one

11  and one-half (1.5) times the employee's hourly rate for time worked in excess of eight

12  (8) hours in a day or forty, or ten (10) hours in a day, depending on the employee's

13  schedule, and (40) hours in a week.  *See, e.g.,* Burnett Decl., ¶ 4 at Exh. 1, §§ 6.14.

14  The CBA also provides hourly wages to employees equivalent to at least 30% above

15  the California minimum wage, currently, at least $ 14.30 (the current minimum wage,

16  $11.00, multiplied by 130%[2]).   *See, e.g.,* Burnett Decl., 4 ¶ at Exh. 1, Appendix A.

17  Further, the CBA provides for a wide array of other terms and conditions of

18  employment, including, but not limited to, hours of work, holiday pay, and a

19  grievance and arbitration procedure.  *See, e.g.,* Burnett Decl., 4 ¶ at Exh. 1.

20      15.   Plaintiff alleges that defendant violated Labor Code section 510 by

21  failing to pay overtime, and Labor Code section 512 by failing to provide meal

22  periods as provided for in the statute.  California Labor Code section 514, however,

23  renders Labor Code section 510 inapplicable "to an employee covered by a valid

24  collective bargaining agreement if the agreement expressly provides for the wages,

25  hours of work, and working condition of the employees, and if the agreement provides

26  premium wage rates for all overtime hours worked and a regular hourly rate of pay for

27

28  [2] In 2015, that number was $11.70, based on the then minimum wage in California of $9.00.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

NOTICE OF REMOVAL                                    5.

1    those employees of not less than 30 percent more than the state minimum wage." Cal.

2    Lab. Code § 514.  Likewise, section 512 exempts and sets different meal break rules

3    for employees covered by Wage Order 1 for the Manufacturing Industry, and which

4    are covered by a collective bargaining agreement.

5         16.    Defendant contends that the correct interpretation of the CBA, in

6    combination with Labor Code section 512 and 514 and Wage Order 1, renders the

7    overtime and meal break obligations in sections 510 and 512 inapplicable to Plaintiff

8    and the individuals he seeks to represent.

9         17.    The need to determine whether Labor Code sections 510 and 512 apply

10    to Plaintiff and the individuals he seeks to represent thus inheres in Plaintiff's

11    Complaint, and the only way to resolve that dispute is for the Court to decide whether

12    the CBA meets the standards of the respective exemptions in section 512 and 514.

13         18.    Plaintiff fails to refer to the CBA in his Complaint.  However, Plaintiff's

14    First and Second Causes of Action allege that Defendant violated California Labor

15    Code sections 510 and 512(a).  Plaintiff therefore necessarily disagrees with

16    Defendant that the CBA renders section 510 and section 512 inapplicable.  If there

17    were no dispute over whether the CBA met the standards of section 514 exemption,

18    Plaintiff would not have included in the Complaint a claim under section 510 or 512

19    because they are inapplicable by virtue of the CBA.

20         19.    Accordingly, this federal Court—not the state court—has exclusive

21    subject matter jurisdiction over Plaintiff's Complaint because the resolution of

22    Plaintiff's claims depends on the interpretation of one or more disputed provisions of

23    the CBA.  See *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 394 (1987); *Lingle v.*

24    *Norge Div. of Magic Chef*, 486 U.S. 399, 405-406 (1988).

25         20.    In *Firestone v. Southern California Gas Co.*, 219 F.3d 1063, 1067-68

26    (9th Cir. 2000), aff'd upon rehearing, 281 F. 3d 801 (2002), the Ninth Circuit held an

27    overtime claim under Labor Code section 510 was preempted because the claim

28    required interpretation of a collective bargaining agreement to determine whether

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

NOTICE OF REMOVAL

Labor Code section 514 exemption applied.  Firestone is controlling support for the proposition that Section 301 preemption applies where a collective bargaining agreement must be interpreted to determine whether a state law provides an exemption from another state law.  See 219 F.3d at 1067 (citing *Lingle, supra,* 486 U.S. at 407) ("The parties therefore disagree on the meaning of terms in the collective bargaining agreement for purposes of California law.  To resolve that dispute, it would be necessary to apply California law to determine the overtime rights and obligations of the parties to the agreement. The claim is not 'independent' of the collective bargaining agreement under federal preemption law.") Accord *Dahl v. Rosenfeld*, 316 F.3d 1074, 1078 (9th Cir. 2003) (employees' state court legal malpractice suit held preempted because interpretation of labor contract provision regarding transfer of work was required to evaluate the propriety of attorney's actions); *Levy v. Skywalker Sound*, 108 Cal. App. 4th 753, 763-65, 768-69 (2003) (LMRA section 301 preempted claims for wages under Labor Code section 204 because such claims turned upon whether employee was a member of the bargaining unit, a question which could be resolved only by interpreting disputed labor contract and side letter provisions).

21.    Further, Plaintiff's claims are preempted despite his failure or refusal to reference the CBAs in his Complaint.  *Parrino v. FHP, Inc.*, 146 F.3d 699, 704 (9th Cir. 1998) ("Because complete preemption often applies to complaints drawn to evade federal jurisdiction, a federal court may look beyond the face of the complaint to determine whether the claims alleged as state law causes of action in fact are necessarily federal claims"); *Milne Employees Ass'n v. Sun Carriers*, Inc., 960 F.2d 1401, 1406 (9th Cir. 1991); *Schroeder v. Trans World Airlines, Inc.*, 702 F.2d 189, 191 (9th Cir. 1983); *Fristoe v. Reynolds Metals Co.,* 615 F.2d 1209, 1212 (9th Cir. 1980).  The Court may also look to the facts stated in the Notice of Removal "to clarify the action a plaintiff presents and to determine if it encompasses an action within federal jurisdiction." *Schroeder, supra*, 702 F.2d at 191.

22.    The United States Supreme Court has "construed 301 of the [LMRA] as

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

1     not only preempting state law but also authorizing removal of actions that sought

2     relief only under state law. *Ben. Nat'l Bank v. Anderson* 539 U.S. 1, 6-7 (2003) (citing

3     *Avco Crop. v. Aero Lodge No. 735*, 390 U.S. 557 (1968). This holding rests "on the

4     unusually 'powerful' pre-emptive force of 301." Id. An action that arises under

5     Section 301 of the LMRA may be removed to federal court even if the plaintiff has

6     pleaded a claim for relief and sought a remedy available only under state law. See

7     e.g., *Firestone v. Southern California Gas Co.* 219 F. 3d 1063, 1067-68 (9th Cir.

8     2000) aff'd upon rehearing, 281 F. 3d 801 (2002) (California State overtime claim

9     preempted by Section 301 of the LMRA because it required interpretation of a

10    collective bargaining agreement to determine whether overtime exemption applied);

11    *Dahl v. Rosenfed*, 316 F. 3d 1074, 1078 (9th Cir. 2003) (employees' state court legal

12    malpractice suit preempted because evaluation of propriety of attorney's action

13    required interpretation of labor contract provision.").

14         23.     This Court has jurisdiction over Plaintiff's other alleged state law claims

15    pursuant to the doctrine of supplemental jurisdiction under 28 U.S.C. section 1367(a)

16    as they are so related to the preempted federal claims as to form part of the same case

17    or controversy under Article III of the U.S. Constitution. *Kuba v. 1-A Agric. Ass'n*,

18    387 F.3d 859, 855 (9th Cir. 2004) (supplemental jurisdiction applies to state law

19    claims derived from "a common nucleus of operative fact" and "are such that a

20    plaintiff would ordinarily be expected to try them in one judicial proceeding").

21    **VI.    CAFA JURISDICTION**

22         24.     Additionally, as set forth below, this Court has jurisdiction over this case

23    under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), and this case

24    may be removed pursuant to the provisions of 28 U.S.C. § 1441(a), in that it is a civil

25    class action wherein: (1) the proposed class contains at least 100 members; (2)

26    Defendant is not a state, state official, or other governmental entity; (3) there is

27    diversity between at least one class member and at least one named and served

28    Defendant; and (4) the total amount in controversy for all class members exceeds

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

NOTICE OF REMOVAL          8.

1    $5,000,000.

2    **A.    The Proposed Class Contains At Least 100 Members**

3    25.    28 U.S.C. § 1332(d)(5)(B) sets forth that the provisions of CAFA do not

4    apply to any class action where "the number of members of all proposed plaintiff

5    classes in the aggregate is less than 100." This requirement is easily met in this case.

6    26.    Plaintiff seeks to represent a class consisting of "[a]ll current and former

7    hourly-paid or non-exempt employees who worked for any of the Defendant within

8    the State of California at any time during the period from four years preceding the

9    filing of this Complaint to final judgment." Complaint at ¶14. Defendant operates two

10   facilities in which employees' employment was or is governed by a CBA. Burnett

11   Decl., ¶4. The facility in which Plaintiff worked closed in February 2018. In the two

12   facilities with an operative CBA, there were over 250 putative class members

13   employed at any given time between April 19, 2014, four years before the filing of the

14   complaint, and February, 2018. Burnett Decl., ¶5.

15   **B.    Defendant Is Not Governmental Entities**

16   27.    Under 28 U.S.C. § 1332(d)(5)(B), the CAFA does not apply to class

17   actions where "primary defendants are States, State officials, or other governmental

18   entities against whom the district court may be foreclosed from ordering relief."

19   28.    Defendant is a private business entity, not state, state official, or other

20   government entity exempt from the CAFA.

21   **C.    There Is Diversity Between At Least One Class Member And One Defendant**

22

23   29.    CAFA's minimal diversity requirement is satisfied, inter alia, when "any

24   member of a class of plaintiffs is a citizen of a State different from any defendant." 28

     U.S.C. §§ 1332(d)(2)(A); 1453(b). In a class action, only the citizenship of the named

25   parties is considered for diversity purposes and not the citizenship of the class

26   members. *Snyder v. Harris*, 394 U.S. 332, 339-40 (1969). Minimal diversity of

27   citizenship exists here because Plaintiff and Defendant are citizens of different states.

28

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

NOTICE OF REMOVAL                              9.

**1.       Plaintiff is a citizen of California.**

30.       Allegations of residency in a state court complaint can create a rebuttable presumption of domicile supporting diversity of citizenship. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986); see also *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *Smith v. Simmons*, 2008 U.S. Dist. LEXIS 21162, *22 (E.D. Cal. 2008) (place of residence provides "prima facie" case of domicile).  At the time Plaintiff commenced this action and, upon information and belief, at the time of removal, Plaintiff resided in the State of California. (Complaint at ¶ 5.)  Therefore, Plaintiff is a citizen of California.

**2.       Defendant is not a citizen of California.**

31.       Defendant is a Limited Liability Company. For purposes of diversity jurisdiction, a LLC is a citizen of the state in which its members/managers are citizens. Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006); see also Moore's Federal Practice §102.57[8] (3d ed. 2007).  Defendant is registered in Delaware, and has its principal place of business in Texas.  Further, at the time this action was commenced in state court and at the time this removal is filed, the members/managers of Smurfit Kappa North America LLC are four individuals, Greg Hall, Dave Nelson, Brian McDonnel, and Juan Guillermo Castaneda, involved in the operation of the company from its headquarters in Texas.  Burnett Decl., ¶3.  Thus, Defendant is not a citizen of the State of California.

32.       Accordingly, the named Plaintiff is a citizen of a State different from Defendant, and diversity exists for purposes of CAFA jurisdiction. See 28 U.S.C. §§ 1332(d)(2)(A).

/ / /

/ / /

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

NOTICE OF REMOVAL                    10.

1

**D.      The Amount In Controversy Exceeds $5,000,000**

2      33.      This Court has jurisdiction under CAFA, which authorizes the removal of

3  class actions in which, among the other factors mentioned above, the amount in

4  controversy for all class members exceeds $5,000,000. 28 U.S.C. § 1332(d).

5      34.      The removal statute requires that a defendant seeking to remove a case to

6  federal court must file a notice "containing a short and plain statement of the grounds

7  for removal." 28 U.S.C. § 1446(a).  The Supreme Court, in *Dart Cherokee Basin*

8  *Operating Co., LLC v. Owens*, 2014 U.S. LEXIS 8435 *14 (Dec. 15, 2014), recently

9  recognized that "as specified in §1446(a), a defendant's notice of removal need

10  include only a plausible allegation that the amount in controversy exceeds the

11  jurisdictional threshold."   Only if the plaintiff contests or the court questions the

12  allegations of the notice of removal is supporting evidence required. *Id*. Otherwise

13  "the defendant's amount-in-controversy allegation should be accepted" just as a

14  plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes

15  federal court jurisdiction. *Id*. at *11.

16      35.      Here, Plaintiff does not allege the amount in controversy in the

17  Complaint, but the face of the Complaint clearly demonstrates that the amount in

18  controversy in this case exceeds $5,000,000.

19      36.      Plaintiff alleges a cause of action for a violation of the Unfair

20  Competition Law ("UCL"), Business and Professions Code §§ 17200, et seq.

21  Complaint ¶¶ 112-118.  Alleging a UCL violation extends the statute of limitations on

22  Plaintiff's wage and hour claims from three to four years from the filing of the

23  Complaint, or going back to April 19, 2014. See Cal. Bus. & Prof. Code § 17208;

24  *Cortez v. Purolater Air Filtration Products Co*., 23 Cal. 4th 163, 178-79 (2000) (four-

25  year statute of limitations for restitution of wages under the UCL).

26      **1.      Unpaid Overtime Claim**

27      37.      By way of his first cause of action, Plaintiff and the putative class seek

28  allegedly unpaid wages at overtime wage rates pursuant to California Labor Code §§

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

NOTICE OF REMOVAL                                11.

510 and 1198. (Complaint ¶¶ 48-56.)  Plaintiff alleges that he and the putative class members incurred unpaid overtime compensation, by working in excess of eight hours per day and/or in excess of 40 hours in a week. (Complaint ¶ 53).  However, Plaintiff does not state the amount of unpaid overtime he and the putative class worked each week.  To determine the monetary amount in controversy for Plaintiff's overtime claim, the total number of hours worked unpaid by Plaintiff and the putative class that would have been considered overtime hours is multiplied by one and one-half times their respective regular rates of pay rate in effect during the time the overtime was allegedly worked.

38.    The average hourly rate for non-exempt employees who worked at the facility in which Plaintiff worked between 2014 and 2018 was over $20 per hour, with an overtime rate of more than $30 per hour.  Burnett Decl., ¶6.

39.    As stated above, in each of the years between 2014 and February 2018, more than 250 putative class members worked at Defendant's two unionized facilities in California at any given time.  Therefore, putative class members worked at a minimum at least 52,000 workweeks (250 employees x 52 workweeks per year x 4 years).

40.    Assuming Plaintiff alleges each class member worked two uncompensated overtime hours per week, the total Plaintiff seeks for uncompensated overtime is $3,120,000 (52,000 x $30 per hour [1.5 x $20 per hour overtime premium] x 2 overtime hours per week).

41.    In sum, although Defendant vigorously denies Plaintiff's allegations, including the alleged damages, if Plaintiff were to prevail on his overtime claim with respect to himself and the putative class, the amount in controversy with respect to that claim alone could be **$3,120,000**.

## 2.    Unpaid Meal Period Premiums Claim

42.    Plaintiff's second cause of action alleges that Defendant failed to provide Plaintiff and putative class members all compliant meal periods and failed to pay the

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

NOTICE OF REMOVAL                          12.

1  full meal period premiums due in violation of California Labor Code §§ 226.7 and

2  512. Complaint ¶¶ 57-65.

3       Assuming Plaintiff and the putative class allege they were not provided

4  compliant, uninterrupted meal periods two times per week, the amount in controversy

5  is **$ 2,080,000** (52,000 workweeks worked by the putative class x $20 per hour x 2

6  hours per week).

7  ### 3.    Unpaid Rest Period Premium Claim

8       43.    By way of the third cause of action, Plaintiff alleges that "Defendant

9  required Plaintiff and [putative] class members to work four (4) or more hours without

10  authorizing or permitting a ten (10) minute rest period for each four (4) hour period of

11  work." (Complaint ¶72).  Plaintiff further alleges that Defendant "willfully required

12  Plaintiff and the [putative] class members to work during rest periods and failed to pay

13  Plaintiff and the [putative] class members the full rest period premium." (Complaint ¶

14  73).  Indeed, the amount in controversy for this claim, as alleged, would be identical

15  to the amount in controversy for the missed meal break claims.

16       44.    Assuming Plaintiff and the putative class allege they were not provided

17  compliant, uninterrupted rest breaks two times per week, the amount in controversy is

18  **$2,080,000** (52,000 workweeks worked by the putative class x 2 x $20 per hour).

19  ### 4.    Unpaid Minimum Wages Claim

20       45.    Additionally, by way of Plaintiff's fourth cause of action, Plaintiff and

21  the putative class seek allegedly unpaid minimum wages and liquidated damages

22  equal to the amount of unpaid wages pursuant to California Labor Code §§ 1194,

23  1197, and 1197.1. (Complaint ¶¶ 78-82).  Although Plaintiff does not allege any

24  factual basis for this claim, assuming Plaintiff seeks unpaid wages for off-the-clock

25  work (since Plaintiff's hourly rate well exceeds the minimum wage), and assuming

26  Plaintiff and the putative class seek one hour of wages for off-the-clock work per

27  week at the California state minimum wage of $11.00, Plaintiff's seeks $**1,144,000**

28  (52,000 workweeks x $11.00 per hour x 2 hours per week).

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

NOTICE OF REMOVAL              13.

**5.** **Claim for Final Wages Not Timely Paid**

46.     Through his fifth cause of action, Plaintiff alleges a claim for unpaid final wages pursuant to California Labor Code §§ 201 and 202, which provide that if an employer willfully fails to pay wages owed, then the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid for a maximum of thirty (30) days.   Plaintiff claims that Defendant intentionally and willfully failed to pay Plaintiff and the other putative class members their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendant's employ.(Complaint ¶¶ 84-88.   The statute of limitations for a wage action is three years. See Cal. Code Civ. Proc. § 338.   Here, more than 150 putative class members ceased employment with Defendant within the three-year statute of limitation. Burnett Decl., ¶5.   Penalties of continued wages for the maximum of thirty (30) days could exceed $720,000.00 (150 employees x $20 per hour x 8 hours per day x 30 days).   As such, the amount in controversy for the failure to pay final wages in accordance with California Labor Code §§ 201 and 202, would be $**720,000**.

**6.** **Claim for Wages Not Timely Paid During Employment**

47.     Plaintiff's sixth cause of action asserts a claim on behalf of herself and all putative class members for violations of California Labor Code § 204, which states that all wages earned are due and payable twice each calendar month during certain specified time frames. Complaint ¶¶ 90-94.   The Complaint seeks to recover "all remedies available for violations of California Labor Code section 204." (Complaint ¶ 94).   Further, Plaintiff alleges that Defendant's alleged violation of §204 was "intentional and willful." Complaint ¶ 93.   Therefore, assuming for purposes of removal only that California Labor Code section 210(a)(2) applies, Plaintiff seeks a civil penalty of $200 for the alleged "willful or intentional violation[s]" of section 204. See Cal. Lab. Code § 210(a)(2).   Based on the allegations in the Complaint, Plaintiff asserts at least one violation of section 204 for each putative class member. The statutory period for Labor Code § 226(e) penalties is one year, and at least 150

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

NOTICE OF REMOVAL                14.

1  employees were employed by Defendant during one year prior to the filing of the

2  Complaint in this action. Cal. Code Civ. Proc. § 340.   As such, the amount in

3  controversy for the failure to pay on designated pay period claim is at least $**50,000.00**

4  ($200 penalty x 250 employees).

5  ### 7.    Non-Compliant Wage Statement Claim

6  48.    By way of the seventh cause of action, Plaintiff and the putative class

7  members allege that Defendant knowingly and intentionally failed to comply with

8  itemized employee wage statement requirements, including by "the failure to include

9  the total number of hours worked by Plaintiff and the [putative] class members."

10  Complaint ¶97.   Plaintiff seeks, on behalf of himself and the putative class, "the

11  greater of their actual damages caused by Defendant's failure to comply with

12  California Labor Code § 226(a), or an aggregate penalty not exceeding four thousand

13  dollars ($4,000) per employee." Complaint ¶100.   Section 226(e) provides for a

14  statutory penalty for violations of Labor Code § 226(a)'s wage statement requirements

15  of $50 or actual damages per employee for the initial pay period in which a violation

16  occurs and $100 per employee for each violation in a subsequent pay period, not

17  exceeding an aggregate amount of $4,000. Cal. Lab. Code § 226(a).   The statutory

18  period for Labor Code § 226(e) penalties is one year. Cal. Code Civ. Proc. § 340.   At

19  least 150 employees were employed by Defendant during the one year prior to the

20  filing of the Complaint in this action. Assuming a maximum penalty of $4,000 per

21  employee (as Plaintiff alleges) for a class of approximately 150, the amount in

22  controversy for this claim could exceed **$1,000,000** ($4,000 potential penalty x 250

23  employees).

24  ### 8.    Claim for Failure to Keep Requisite Payroll Records

25  49.    By way of Plaintiff's eighth cause of action pursuant to California Labor

26  Code § 1174(d), Plaintiff seeks to recover "statutory penalties pursuant to California

27  Labor Code section 1174.5" for the alleged failure by Defendant to "intentionally and

28  willfully [] keep accurate and complete payroll records showing the hours worked

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

NOTICE OF REMOVAL                                    15.

1   daily and the wages paid, to Plaintiff and the other class members." (Complaint ¶104).

2   Labor Code § 1174.5 provides a civil penalty of $500 for willful failure to maintain

3   accurate payroll records. Cal. Lab. Code § 1174.5.   The statutory period for Labor

4   Code § 226(e) penalties is one year. Cal. Code Civ. Proc. § 340.   At least 150

5   employees were employed by Defendant during one year prior to the filing of the

6   Complaint in this action.   Assuming for purposes of removal that Plaintiff can

7   maintain a private right of action for such penalties, and that each putative class

8   member is entitled to the full $500 penalty, the amount in controversy for this claim

9   could exceed **$125,000** ($500 potential penalty x 250 employees).

10                    **9.      Unreimbursed Business Expenses Claim**

11        50.      By way of the ninth cause of action, Plaintiff and the putative class seek

12   reimbursement for allegedly unpaid business expenses pursuant to California Labor

13   Code section 2802. Complaint at ¶¶108-110.   The statute of limitations for this claim

14   is three years. See Cal. Code Civ. Proc. § 338.   Although Plaintiff fails to identify the

15   business-related expenses Defendant allegedly failed to reimburse, or the amount of

16   any such expenses, this claim would too increase the amount in controversy.   For

17   example, assuming that Defendant failed to reimburse each putative class member for

18   $100 worth of reasonable business expenses, it is more likely than not that the amount

19   in controversy for this claim would be **$250,000**    (250 putative class members x

20   $100.)

21                    **10.    Attorneys' Fees**

22        51.      Finally, Plaintiff seeks reasonable attorneys' fees for his claims

23   Complaint, ¶¶ 56 and 118, which must also be considered in determining whether the

24   jurisdictional limit is met. "Where an underlying statute authorizes an award of

25   attorneys' fees, either with mandatory or discretionary language, such fees may be

26   included in the amount in controversy.'" *Lowdermilk v. U.S. Bank National Ass'n*,

27   479 F.3d 994, 1000 (9th Cir. 2007) (citing *Galt G/S v. JSS Scandinavia*, 142 F.3d

28   1150, 1155-56 (9th Cir. 1998)).

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

NOTICE OF REMOVAL                                16.

**11.    Summary of Amount in Controversy**

| Plaintiff's Claim | Amount in Controversy |
| --- | --- |
| Unpaid Overtime | $ 3,120,000 |
| Unpaid Meal Period Premiums | $ 2,080,000 |
| Unpaid Rest Period Premiums | $ 2,080,000 |
| Unpaid Minimum Wages | $ 1,144,000 |
| Final Wages Not Timely Paid | $ 720,000 |
| Wages Not Timely Paid During Employment | $ 50,000 |
| Non-Complaint Wage Statements | $ 1,000,000 |
| Failure to Keep Require Payroll Records | $ 125,000 |
| Unreimbursed Business Expenses | $ 250,000 |
| TOTAL | $    **10,569,000 + attorneys' fees** |

52.    Defendant provides the foregoing calculations only to demonstrate that the amount in controversy in this case easily exceeds the amount in controversy requirement of the CAFA.  Defendant makes no admission of any liability or damages with respect to any aspect of this case, nor do they endorse or concede that the proffered methodology for such calculations passes muster.

**VII.  VENUE**

53.    Venue lies in the Central District of California pursuant to 28 U.S.C. §§ 84(c), 1441(a), and 1446(a).  Plaintiff originally brought this action in the Superior Court of the State of California, County of Los Angeles.

**VIII.  NOTICE OF REMOVAL**

54.    Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, the undersigned is providing written notice of such filing to Plaintiff's counsel of record.   In addition, a

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

NOTICE OF REMOVAL                    17.

1    copy of this Notice of Removal will be filed with the Clerk of the Superior Court of

2    the State of California, County of Los Angeles.

3

4

     Dated:        June 8, 2018
5

6
                                              /s/ Michelle Rapoport
7                                            CURTIS A. GRAHAM
                                             MICHELLE RAPOPORT
8                                            LITTLER MENDELSON, P.C.
                                             Attorneys for Defendant
9                                            SMURFIT KAPPA NORTH
                                             AMERICA LLC
10

     Firmwide:155132386.3 080118.1014
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

NOTICE OF REMOVAL                        18.